**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **GEORGE MORAKIS,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:26-cv-0079-O-BP** |
| | § | |
| **U.S. CITIZENSHIP AND** | § | |
| **IMMIGRATION SERVICES,** *et al.***,** | § | |
| | § | |
| **Respondents.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Motion to Dismiss Without Prejudice that *pro se* Plaintiff George Morakis filed on May 20, 2026 (ECF No. 41) After reviewing the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Chief United States District Judge Reed O'Connor **DISMISS** Morakis's case without prejudice.

Federal Rule of Civil Procedure 41(a) governs voluntary dismissals. Fed. R. Civ. P. 41(a). In his Motion, Morakis "requests dismissal of this action without prejudice" and cites Federal Rule of Civil Procedure 41(a)(2). ECF No. 41. That rule provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

Rule 41(a)(1), by contrast, provides that a "plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A). Rule 41(a)(1) voluntary dismissals are without prejudice. Fed. R. Civ. P. 41(a)(1)(B). "The effect of a Rule 41(a)(1) dismissal is to put the plaintiff in a legal

position as if he had never brought the first suit." *Yesh Music v. Lakewood Church*, 727 F.3d 356, 359 (5th Cir. 2013) (cleaned up).

On May 20, 2026 when Morakis moved for voluntary dismissal under Rule 41(a)(2), Defendants had neither answered in this case nor filed a motion for summary judgment. Accordingly, the Court cannot then discern why Rule 41(a)(1) is not applicable instead of Rule 41(a)(2). Under these circumstances, dismissal without prejudice is not only appropriate; it is required under the Federal Rules. Fed. R. Civ. P. 41(a)(1)(B).

For these reasons, the Court views Morakis's Motion to Dismiss as a notice of voluntary dismissal under Rule 41(a)(1) and **RECOMMENDS** that Chief Judge O'Connor **DISMISS** Morakis's case without prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on May 21, 2026.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE